1  (All parties and counsel listed on Signature Page)

8  UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
9  SAN FRANCISCO DIVISION

| | |
|---|---|
| RAMBUS INC., | Case No. 3:10-cv-05446 RS |
| Plaintiff, | **STIPULATION RE EXPERT WITNESSES** |
| v. | Judge: Hon. Richard Seeborg<br>Courtroom 3, 17th Floor |
| LSI CORPORATION, | |
| Defendant. | Special Master: Hon. Vaughn R. Walker (Ret.) |
| RAMBUS INC., | Case No. 3:10-cv-05449 RS |
| Plaintiff, | |
| v. | |
| STMICROELECTRONICS N.V.;<br>STMICROELECTRONICS INC., | |
| Defendants. | |

The parties, through their undersigned counsel of record, hereby agree as follows:

1. "Designating Party," "Protected Material," and "Expert" have the definitions set forth in the Amended Protective Order filed in these cases on March 14, 2012 (the "Protective Order").

2. Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert any Protected Material first must make a written request to the Designating Party that (a) sets forth the full name of the Expert and the city and state of his or her primary residence, (b) attaches a copy of the Agreement to be Bound by Protective Order, in the form provided in Exhibit A to the Protective Order, signed by the Expert, (c) attaches a copy of the Expert's current resume, (d) identifies the Expert's current and former employer(s) for the past ten (10) years, and (e) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding four years.[1]

3. A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven (7) court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

4. A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within five (5) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a declaration in which the movant

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to an Expert (1) shall immediately notify the Designating Party that this information is subject to a confidentiality obligation to a third party, and (2) shall be available to meet and confer with the Designating Party regarding any such engagement.

- 1 -  STIPULATION RE EXPERT WITNESSES
CASE NOS. 3:10-CV-05446, 3:10-CV-05449

describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

    5. In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

DATED: April 25, 2012

MUNGER, TOLLES & OLSON LLP

By:     /s/ Peter A. Detre
         Peter A. Detre

Attorneys for Plaintiff
RAMBUS INC.

DATED: April 25, 2012

KILPATRICK TOWNSEND & STOCKTON LLP

By:     /s/ Jonathan D. Link
         Jonathan D. Link

Attorneys for Defendant
LSI CORPORATION

- 2 -

STIPULATION RE EXPERT WITNESSES
CASE NOS. 3:10-CV-05446, 3:10-CV-05449

DATED: April 25, 2012

K&L GATES LLP

By: _____/s/ Elaine Y. Chow_____
Elaine Y. Chow

Attorneys for Defendants
STMICROELECTRONICS N.V. and
STMICROELECTRONICS INC.

<u>Filer's Attestation</u>

I, Peter A. Detre, am the ECF user whose identification and password are being used to file this **STIPULATION RE EXPERT WITNESSES**. In compliance with General Order 45.X.B., I hereby attest that the above-named signatories concur in this filing.

DATED: April 25, 2012

_____/s/ Peter A. Detre_____

IT IS SO ORDERED.

DATED: April _25_, 2012

_____
Hon. Vaughn R. Walker (Ret.)
Special Master