UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RAMBUS INC., <br><br> Plaintiff, <br><br> vs. <br><br> LSI CORPORATION, <br><br> Defendant. | Case No.: 3:10-cv-005446 RS <br><br> **ORDER RE DISCOVERY MOTIONS** <br><br> Judge:  Hon. Richard Seeborg <br>         Courtroom 3, 17th Floor <br><br> Special Master: Vaughn R Walker |

The parties have sought the assistance of the undersigned with respect to three matters:

(1) Plaintiff's motion to compel answers to interrogatory nos 1 and 4;

(2) Defendants' motion to compel production of documents regarding related proceedings in Europe; and

(3) Defendants' request for modification of the amended protective order herein extending the limitation on competitive decision-making to one of plaintiff's experts, Robert Murphy.

On June 27, 2012, the parties were heard on these matters by telephone conference conducted on the record. After considering the matters and the arguments of counsel and being fully advised as to each of the foregoing:

(1) Due to their respective positions, the parties appear at an impasse on what are essentially threshold matters. The result has been to stymie effective preparation for trial. Plaintiffs contend that defendants have failed to identify all the products which use the technology that plaintiffs claim in the patents in suit and still less have failed to disclose the sales data with respect to those products. Defendants contend, on the other hand, that they are entitled to more complete infringement contentions in order to delineate the appropriate bounds of discovery. There appears to be at least some merit to both sides' contentions. Nonetheless, determining the adequacy of plaintiff's infringement contentions and fully cataloging the products and compiling sales data would appear less important than undertaking discovery with respect to the products and sales information known to the parties to be in dispute. Postponing discovery until all infringement contentions are clearly delineated and each product in dispute identified would likely impede rather than advance preparation for trial. A further exchange of written discovery and discovery motions on these matters seems unlikely much to advance the litigation. Accordingly:

(a) Not later than July 11, 2012, plaintiff shall serve on defendants, with copies to the undersigned, notices for the depositions of defendants pursuant to FRCP 30(b)(6) on the following subjects:

(i) identity of the products manufactured, sold, imported into the United States or offered for sale by the defendants that contain a DRAM memory controller;

(ii) period or periods of defendants' manufacture, sales, imports or offers of such products;

(iii) dollar and unit volumes of defendants' manufacture, sales, imports or offers of such products; and

(iv) identity of the purchasers or transferees of such products; and

(b) Not later than July 19, 20102, defendants may serve upon plaintiff, with copies to the undersigned, the identity of the persons designated to be

1  deposed on the foregoing subjects, together with any objections to the scope of the
2  examination.
3          (c)     The undersigned will convene a telephone conference for
4  scheduling these depositions shortly after July 19. It is contemplated that the depositions
5  will take place in San Francisco, California and that the undersigned will preside at each of
6  them.
7          (2)     For the reasons more fully examined in the telephone conference, it
8  appears unlikely that the documents from the European proceedings that defendants seek
9  will lead to the discovery of admissible evidence. Most of the issues in the European
10 proceedings have also arisen in the related proceedings in this country so that any factually
11 inconsistent positions plaintiff took in the European proceedings would likely have come to
12 light in the domestic proceedings. Given the substantial burden that the production of the
13 European documents would entail and their likely limited additional evidentiary value, it
14 does not appear that such a production would advance the resolution of the issues in the
15 present litigation. Defendants' motion to compel production of the documents from the
16 European proceedings is DENIED.
17         (3)     Robert Murphy has long been involved with plaintiff. He is,
18 therefore, in a somewhat analogous position to that of counsel who are, under the amended
19 protective order herein, barred from participation in re-examination proceedings.
20 Nonetheless, the possibility that Murphy's access to protected materials here would lead to
21 the inadvertent disclosure of such materials seem to rest largely on defendants' speculation.
22 Due to his extensive and long involvement with plaintiff, foreclosing his involvement in re-
23 examination proceedings or as an expert in these proceedings would likely entail a
24 significant hardship to plaintiff. The threat of Murphy's inadvertent disclosures harmful to
25 defendants would appear outweighed by the prejudice to plaintiff of limiting Murphy's role
26 as defendants propose. Defendants' request to modify the amended protective order is
27 DENIED.
28 ///

By separate cover, plaintiff's unopposed motion to amend its infringement contentions as to LSI will be GRANTED.

IT SO ORDERED.

_____
Special Master